Commonwealth ex rel. Peterson *v.* Patton, Appellant.

Submitted April 11, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*W. Richard Cowell,* and *Carney, Good, Brabender, Palmisano & Walsh,* for appellant.

*John W. English* and *Harold J. Bender,* Assistant Public Defenders, for appellee.

OPINION BY CERCONE, J., September 23, 1974:

This is another appeal wherein a juvenile has been sent to Camp Hill and now challenges, via *habeas corpus,* his detention there on the grounds that Camp Hill is not a facility in compliance with the Juvenile Act, Act of December 6, 1972, P. L. 1464, No. 333, 11 P.S. §50-101 *et seq.* Specifically, the petitioner complained of the integration of adult and juvenile offenders which violates the mandates of the Juvenile Act. Section 27A requires that "[a] child shall not be committed or transferred to a penal institution or other facility used primarily for the execution of sentences of adults convicted of a crime. . . ." The lower court granted the petition and ordered that the petitioner be recommitted to an institution which met the conditions established by the Juvenile Act.[1] The Commonwealth thereupon filed the instant appeal.

We treated this issue most recently in *Parker Appeal,* 225 Pa. Superior Ct. 217 (1973). In *Parker* we agreed with the petitioner that the Juvenile Act required the segregation of adult and juvenile offenders; but, rather than ordering the petitioner's discharge from Camp Hill and his redisposition to another institution,[2] we ordered the Commonwealth to promptly take the necessary steps to realize that legislative mandate. In the meantime we ordered separate facilities for adult and juvenile offenders at Camp Hill. On that

---

[1] Because the lower court also granted the Commonwealth's petition for supersedeas, the appellee is still incarcerated at Camp Hill.

[2] Our decision in *Parker* held that no other institution in Pennsylvania had the desired facilities which could make it a more proper place than Camp Hill for juvenile offenders.

ground we affirmed the lower court's order committing that petitioner to Camp Hill.

In the instant case, the hearing and discharge of the petitioner took place on August 10, 1973, prior to this court's decision in *Parker,* which explains the failure of the parties and the court to refer to our decision therein. In *Parker* we directed the authorities at Camp Hill to "provide separate facilities for the needs of [adult and juvenile offenders], or to provide for the separate use of the same facilities avoiding at all times the intermingling of the two groups." We have not been informed that the authorities at Camp Hill are not moving forward in compliance with that directive.

The appellee argues that his petition for a writ of habeas corpus should be granted because he was denied his constitutional right to a trial by jury. This question, however, was recently determined adversely to the appellee in *Terry Appeal,* 438 Pa. 339 (1970), aff'd sub nom., *McKeiver v. Pennsylvania,* 403 U.S. 528 (1971). See also *U.S. ex rel. Murray v. Owens,* 465 F. 2d 289 (2d Cir. 1972).

Order of the lower court is reversed.