360 A.2d 220

**In the Interest of SCOTT W. (two cases).**
**Appeal of Scott WILLS, a minor.**
**Appeal of Attorney General Robert P. KANE**
**and Superintendent Ernest S. Patton.**

Superior Court of Pennsylvania.
July 15, 1976.

Michael A. Klimpl, Asst. Public Defender, Doylestown, for appellant in No. 1800.

J. Andrew Smyser, Deputy Atty. Gen., Harrisburg, for appellant in No. 1801.

S. Harris, Warrington, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PER CURIAM:

Case remanded to the court below for taking of testimony and a full hearing.

PRICE, J., files a dissenting opinion in which WATKINS, President Judge, joins.

PRICE, Judge (dissenting).

I would affirm the commitment of the Court below and would do so for the very clear and excellent reasons advanced by Judge Bodley in his opinion. It is true that a great deal of that opinion advances a matter of philosophy and contains considerable editorial comment, however, they are views that I happen to share. Further, to me they are matters of great importance to the proper and orderly administration of the juvenile system in this Commonwealth.

This Court has quite recently spoken to this very problem in *Commonwealth ex rel. Parker v. Patton*, 225 Pa. Super. 217, 310 A.2d 414 (1973), and in *Commonwealth ex rel. Peterson v. Patton*, 230 Pa.Super. 6, 326 A.2d 444 (1974). To my view, nothing has occurred to alter what I consider to be the clear mandate of those decisions. This Court cannot be more explicit in a choice of words when it is said *we direct* authorities to provide separate facilities at Camp Hill.

It comes with poor grace for the Attorney General, contra to this Court's order, to direct the Camp Hill authorities to the contrary and to direct the refusal of admission to juveniles committed under this Court's mandate. To compound this direct refusal to comply with this order, the Attorney General autocratically asserts that he has standing to intervene in this appeal. This is the most amazing feat of pulling himself up by his own bootstraps that I have ever witnessed. Not only do I condemn the attempt, but I am amazed that the majority of this Court allows this to pass unchallenged.

As Judge Bodley says:

"It is no answer to this direction for the Superintendent of Camp Hill (who is in the untenable position of being responsible to an Attorney General who,

in defiance of the law of the Commonwealth has directed that he not receive juveniles,) to now suggest that it is impossible to comply with the admonition of the Superior Court. It is not for the Attorney General nor for the Superintendent of Camp Hill to suggest that Camp Hill is an inappropriate facility to further the rehabilitation of juvenile offenders', as set forth in the affidavit of the Superintendent attached to the petition of the Attorney General to this Court seeking vacation of the Order of commitment."

I further agree with the lower court and am of the opinion that neither the Attorney General nor the Superintendent of Camp Hill have standing in this matter. At oral argument the Attorney General had no authority for his position other than an expression of surprise that I would raise the question and the bland assertion that the right exists. I disagree. I find no authority for his intervention, and to the contrary, believe by the direction given *contrary* to the orders of this Court, any right, if one exists, is forfeited by his conduct.

Further, this direct appeal from the commitment order is not the proper forum for further hearings to determine the relative merits of the Camp Hill vs. "other facilities" problem. A remand for further hearings, as the majority holds, further frustrates this Court's orders and undermines the workings of our Juvenile System. I would respectfully suggest that the issue, if proper at all in our judicial system (which I doubt), should be raised on Habeas Corpus *after* compliance with the commitment order, *not* before.

For these reasons, I would affirm the order of the lower court.

WATKINS, President Judge, joins in this dissenting opinion.